IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CHARLESTON,
2023 NOV 27 AM 9: 55

KEVIN FORREST,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

)
)
)
)
)
)
)
)
)
)

CASE NO. 9:23-cv-01923-SAL-MHC

Complaint Seeking Monetary Damages in Excess of One Million Dollars and Punitive Damages. Pursuant to 28 U.S.C. §§ 1346, 2671, et. seq., South Carolina Law 15-32-220(E), 28 U.S.C. § 4042 et. seq., 28 U.S.C. § 1331(a).

## AMENDED COMPLAINT

1. This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346 et. seq., 2671 et. seq.

2. Plaintiff Kevin Forrest ("Plaintiff"), is an individual that resides in the custody of the Bureau of Prisons ("BOP"), currently at the FCI Williamsburg facility located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

3. Plaintiff has exhausted his administrative remedies by way of Federal Tort Claim Act ("FTCA"), Standard Form 95. Listed in the BOP records under FTCA Claim Number: TRT-SER-2022-05592.

4. Defendant, United States of America, located at 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

5. Defendant, the United States, have been served, and the United States has filed another motion to dismiss. ECF No. 29 .

6. Plaintiff files this Amended Complaint to offer a better understanding of plaintiff's chief complaint, and actionable claims are with additional facts that were emitted from the prior complaints.

-1-

7. In May of 2021, Plaintiff contends that he woke up one morning to a swollen leg and knee.

8. Plaintiff avers that he spoke with one of the duty officers that morning, and ask the officer would he contact health services located at FCI Williamsburg facility.

9. Plaintiff avers that the duty officer made contact with Health care staff, which the officer relayed plaintiff's complaint that his knee was swollen and very painful.

10. Plaintiff avers that health services replied stating, "place ice on the knee." Which Plaintiff complied.

11. Plaintiff avers that when he awoke the next day, the leg and knee, the inflammation had doubled in size and the pain had increased.

12. Plaintiff avers that the duty officer had called health services again, and explained that plaintiff needed to see health services to determine the orgin of the inflammation.

13. Plaintiff contends that he heard the duty officer explain the the inmate did not look right and the officer informed health service staff by phone, that plaintiff needed to see someone, because plaintiff was experiencing cold sweats, chills, fever, and a host of other symptoms.

14. Plaintiff avers that because the health services continued to ignore the inmates request to be seen and evaluated by a Doctor, the officer called the Commanding Lieutenant, who informed plaintiff that there was nothing he could do about the situation, and advised plaintiff to send an electronic cop-out to

-2-

to be seen by the medical staff.

15.     Plaintiff contends that the very next, with the aid of some inmates, he went to the health service and waited until the personnel show up, so he could show them the swollen knee and leg.

16.     Plaintiff contends that a medical staff member had arrived, and without looking at the inflammation, he specifically stated that Plaintiff had to write an electronic cop-out and wait for them to call him over to health services.

17.     Plaintiff avers that he complied with every request the medical department staff made, but he was never called to health services to be seen by any medical personnel.

18.     Plaintiff contends that the knee and leg continued to worsen, and the chills and fevers continued.

19.     Plaintiff avers that because a week had passed, without response from the health care department, he decided to drag his self up the health care department until medical staff arrive.

20.     Plaintiff avers that when medical staff arrived, specifically (PA Harrell), whom took one look at the inflamed knee and leg, she escorted Plaintiff into the health department, where she summoned a Doctor to take a look at his knee.

21.     Plaintiff contends that the Doctor instructed PA Harrell to drain the knee. Once they viewed the fluids coming from the knee, an ambulance was called and Plaintiff was rushed to the hospital to undergo a number of life saving surgery. See Attahed Appendices of Medcal Records.

22.     Plaintiff avers that the medical records will show that

he almost lost his life as a result of the negligent acts or ommission of the United States agents.

23.    Plaintiff avers that the United States was negligent in its care to plaintiff, and the United States has a duty of care owed by the Defendant (28 U.S.C. § 4042(a)), and that the Defendant breached that duty of care resulting in pain and suffering damage proximately resulting from that breach.

### CLAIM ONE

THE DEFENDANT HAS DISPLAYED GROSSLY NEGLIGENT,
WILFUL, WANTON, AND RECKLESS CONDUCT OF
PLAINTIFF'S SERIOUS MEDICAL NEEDS BY FAILING
TO EVALUATE AND PROVIDE MEDICAL TREATMENT
TO HIS SERIOUS MEDICAL NEEDS

24.    Plaintiff incorporates paragraphs 1-23 by reference in this Amended Complaint and incorporates by reference the medical documents that were presented in the First & Second Complaint.

25.    Plaintiff alleges that the actions of the United States are grossly or wanton negligent, for its failure to provide a duty of care owed by the defendant to Plaintiff, which has/and is causing mental anguish, extreme mental disturbance, extreme discomfort, extreme pain and suffering where the defendant breached that duty by its negligent act or omission by not evaluating the plaintiff's knee and leg and providing medical treatment before the virus had progressed into his central line, thereby causing non-economic damages resulting from that breach of duty.

26.    Plaintiff alleges that if the Defendant had of medically evaluated his swollen knee and leg the day he first complained about the infection to his knee and leg, he not have needed the

-4-

multiple surgeries and blood transfusions. Plaintiff alleges that the actions of the defendant is reprehensible, willful, malicious, and in blatant and intentional disregard for the rights owed to plaintiff by the defendant regarding his serious medical needs.

27.    Plaintiff alleges that the claims presented in this Amended Complaint involves claims of defendant's gross negligence, wilful, wanton, and reckless conduct which removes the damage cap of the South Carolina Code Laws. A claimant can seek to recover the amount listed on the Complaint. See South Carolina Code Law 15-32-220(E).

28.    Plaintiff contends that as a result of the United States breach of its duty of care owed to Plaintiff, he is seeking the amount of $1,000,000.00 (One Million Dollars) in non-economic damages for their gross/wanton negligence for the delay in care which exacerbated the existing medical condition, resulting in multiple surgeries and blood transfusions, resulting in continued pain and suffering.

29.    Plaintiff contends that he is still suffering Physical Pain, Mental Anguish; Emotional Distress and Loss of Enjoyment of Life as a result of the United States breach of its duty of care owed to Plaintiff, and he seeks non-economic compensation in the amount of $1,000,000.00 (One Million Dollars) where the defendant's breach caused irreparable harm to plaintiff's physical body resulting in scares from surgical procedure.

30.    Plaintiff contends that the United States actions are

particularly egregious and a monetary form of punishment, and punitive damages should be awarded, and that award can be substantial when all the defendant had to do to resolve this matter, was to evaluate the Plaintiff and prescribe antibiotic's when the inflammation initially started.

31.    The United States displayed a gross/wanton negligence when they ignored the significant risk of harm that would have and did, progress by not providing the required health care needed at the time Plaintiff initially made the complaints.

WHEREFORE, Plaintiff request the following relief:

1.    Trial by Jury if needed;

2.    Non-economic and Punitive Damages not to exceed One Million ($1,000,000.00) Dollars;

3.    Such other relief this Court deems appropriate.

Respectfully submitted,

Kevin Forrest # 63433-037
FCI williamsburg
P.O. Box 340
Salters, SC 29590